UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
KHAN AIR, LLC,                      )   No. C05-0420L
                                    )
            Plaintiffs,             )
      v.                            )
                                    )   ORDER DENYING DEFENDANT
UNITED STATES AIRCRAFT INSURANCE    )   AIRSURE LIMITED'S MOTION
GROUP, *et al.*,                    )   TO DISMISS
                                    )
            Defendants.             )
_____)

This matter comes before the Court on "Defendant AirSure Limited's Motion for Judgment on the Pleadings." Dkt. # 16. Defendant argues that the facts alleged in plaintiff's complaint do not support its breach of contract, misrepresentation, bad faith, and Consumer Protection Act claims and therefore seeks dismissal of all of plaintiff's claims.[1]

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon

---

[1] This matter can be decided on the memoranda and certain exhibits submitted by the parties. Defendant's request for oral argument is, therefore, DENIED.

ORDER DENYING DEFENDANT
AIRSURE'S MOTION TO DISMISS

which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). Where consideration of additional documents is appropriate, the allegations of the complaint and the contents of the documents are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief should be dismissed. Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

AirSure has placed before the Court two documents that were not attached to plaintiff's complaint. The first is a "Combination Aircraft Liability and Physical Damage and Airport Commercial General Liability Policy," number SIHL 1-126E, and the second is an "Aircraft Management Agreement" between plaintiff and Western Aircraft, Inc. Decl. of Kerin Dodd (Dkt. # 17), Exs. A and B. Having reviewed the documents and considered the arguments of counsel, it is clear that plaintiff relies on these documents as the basis for one or more of its claims against defendants. Although the Court recognizes that there may be some dispute regarding the applicability of the policy provisions where plaintiff was not timely provided with a copy of the policy, the Court finds that these documents can be considered when determining whether it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief.[2]

Plaintiff has also submitted documents outside the pleadings to which AirSure

---

[2] On June 27, 2005, plaintiff filed a "Motion to Strike AirSure's Exhibits Offered in Support of its Motion for Judgment on the Pleadings." Dkt. # 21. Pursuant to Local Civil Rule 7(g), requests to strike materials attached to a motion "shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief . . . ." Plaintiff's pending "Motion to Strike" is not authorized by the rules and is, therefore, STRICKEN. The Court has independently evaluated the admissibility of the documents attached to Kerin Dodd's declaration under Fed. R. Civ. P. 12(b).

ORDER DENYING DEFENDANT
AIRSURE'S MOTION TO DISMISS                -2-

objects on various grounds. Reply at 3.[3] The Certificate of Insurance attached as Exhibit A to the Declaration of Hae Joo Park (Dkt. # 19) is referenced in the complaint and forms the basis for one or more of plaintiff's claims. The same cannot be said for the factual assertions contained in the declarations and the other documents attached thereto. For purposes of determining whether the complaint[4] states a claim upon which relief can be granted, the only documents outside the pleadings that were considered by the Court are the Certificate of Insurance, policy number SIHL 1-126E, and the management agreement. Although the remaining documents have not been considered, it is important to note that in the context of a motion for judgment on the pleadings, plaintiff need show only that there is a possibility that it can prove a set of facts which would entitle it to relief: plaintiff is not required to come forward with proof of its allegations at this stage of the proceeding.

**I. BREACH OF CONTRACT CLAIM**

AirSure argues that plaintiff's breach of contract claim fails because AirSure was not a party to the insurance contract. Apparently recognizing that AirSure cannot be held liable for breaching a contract to which it was not a party, plaintiff has amended its complaint to allege that AirSure, "as broker, breached its agreement with Khan Air to provide insurance coverage." First Amended Complaint at ¶ 4.1. Claims against insurance brokers for breach of an oral contract to procure insurance are viable under Washington law. See Fasce v. Clark, 12 Wn.2d

---

[3] The Court has considered AirSure's objections only to the extent they were raised in its reply memorandum. As was the case with plaintiff's motion to strike, defendant's separately-filed "Motion to Exclude Declarations of Kristian Uri and Hae Joo Park" (Dkt. # 23) is not authorized under the Local Civil Rules and is hereby STRICKEN.

[4] While AirSure's motion to dismiss was pending, plaintiff filed a "Motion for Leave to File Plaintiff's First Amended Complaint." Dkt. # 25. For all of the reasons stated in this Court's "Order Granting Leave to Amend," of even date, the First Amended Complaint is now the operative pleading in this matter. When evaluating the viability of plaintiff's claims, the Court has therefore considered the allegations and claims of the amended complaint.

ORDER DENYING DEFENDANT
AIRSURE'S MOTION TO DISMISS              -3-

300, 301 (1942). If plaintiff is able to show that AirSure made an enforceable promise to obtain aircraft liability and damage coverage, but either failed to obtain any coverage or failed to obtain coverage at the specified amounts, plaintiff may be entitled to relief under its amended contract claim.

**II. MISREPRESENTATION CLAIM**

Plaintiff's original complaint did not allege any actionable misrepresentation of an existing fact. The First Amended Complaint at ¶ 4.4, however, alleges that AirSure misrepresented the rate and type of insurance it had secured for Khan Air and made misrepresentations regarding its loyalty to Khan Air while it tried to secure the desired coverage. If plaintiff is able to show that, despite the issuance of a Certificate of Insurance dated December 9, 2004, AirSure had not, in fact, obtained coverage or had obtained coverage in amounts other than those stated on the Certificate, plaintiff may be entitled to relief under its misrepresentation claim.

In its reply memorandum, AirSure argues that plaintiff's allegations do not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) and that plaintiff has not alleged detrimental reliance. Arguments raised in reply will generally not be considered by the Court because the opposing party has not had an opportunity to respond. In light of plaintiff's recent amendment of the complaint and in hopes of resolving these issues as expeditiously as possible, however, the Court notes that, under Washington law, fraud or an intent to deceive is not an element of a negligent misrepresentation claim. See Mann v. Household Finance Corp. III, 109 Wn. App. 387, 391 (2001). "Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." Vess v. Ciba-Geigy, Corp., 317 F.3d 1097, 1105 (9th Cir. 2003). As for detrimental reliance, plaintiff has alleged that AirSure supplied false information regarding the availability and/or acquisition of coverage upon which plaintiff relied in the purchase, operation, and insuring of the Pilatus and that this reliance caused

ORDER DENYING DEFENDANT
AIRSURE'S MOTION TO DISMISS            -4-

plaintiff pecuniary losses in an amount to be determined at trial. Such allegations are sufficient to withstand a motion for judgment on the pleadings.

**III. BAD FAITH CLAIM**

In its First Amended Complaint, plaintiff alleges that AirSure acted in concert with other defendants to deprive plaintiff of the insurance coverage for which plaintiff had paid, all in violation of the duties of good faith and fair dealing and/or AirSure's fiduciary duty. An insurance broker or agent generally assumes those duties inherent in an agency relationship, such as the obligations to exercise good faith and to carry out instructions. In some circumstances, the relationship between the broker and the insured can give rise to an enhanced duty of care, such as that owed by a fiduciary. AAS-DMP Management L.P. Liquidating Trust v. Acordia NW, Inc., 115 Wn. App. 833, 839 (2003). Although defendant argues that its relationship with plaintiff did not give rise to a fiduciary duty (Reply at 9), plaintiff has alleged that such a duty existed and the Court must accept that allegation as true in the context of a motion for judgment on the pleadings. Plaintiff has alleged that AirSure not only failed to obtain the insurance coverage requested, but affirmatively acted against the interests of its principal with regards to the policy. Because plaintiff may be able to prove a set of facts that would establish a breach of the duties owed to plaintiff, dismissal is not warranted at this point.

**IV. CONSUMER PROTECTION ACT CLAIM**

Plaintiff has asserted a private cause of action under the Washington Consumer Protection Act ("CPA"), alleging breaches of fiduciary duties owed to plaintiff and violations of RCW 48.18.260, RCW 48.18.290, WAC 284-30-570, and WAC 284-30-590(2). The CPA makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful and permits a private cause of action if (1) defendant's conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property. Hangman Ridge Training Stables,

Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  Violations of the statutes and regulations governing the insurance industry generally satisfy the first three elements of a CPA claim.  See Rizzuti v. Basin Trave Serv. of Othello, Inc., 125 Wn. App. 602, 621 (2005).

   AirSure argues that the insurance statutes and regulations on which plaintiff relies do not apply to AirSure because it is not an insurer.  The Court agrees.  RCW 48.18.290, WAC 284-30-570, and portions of WAC 284-30-590 specifically identify the insurer as the relevant actor.  In Isaacson v. DeMartin Agency, Inc., 77 Wn. App. 875, 881-82 (1995), the Washington State Court of Appeals found that, because RCW 48.18.290 imposed a duty on the insurer to provide notice of cancellation to the insured, the statute should not be interpreted to impose a duplicate duty to provide notice on the insurer's agent.  The same analysis applies here with even more force: if an agent of the insurer has no duty to comply with RCW 48.18.290, it would make no sense to impose a duty to provide notice on an entity working on behalf of the insured.  Although the Court recognizes that some of the provisions identified by plaintiff are written in the passive voice, they all require conduct that is logically undertaken by an insurer, not a broker.  Plaintiff has not attempted to explain how a broker, as the agent of the insured, would be in a position to provide a copy of the policy to the insured or provide notice of and specific reasons for a cancellation unless such information were first provided by the insurer.  Thus, the alleged violations of RCW 48.18.260, RCW 48.18.290, WAC 284-30-570, and WAC 284-30-590(2) do not constitute a per se unfair and deceptive trade practice affecting the public interest under the CPA.

   The fact that the statutes and regulations cited by plaintiff cannot form the basis of a per se violation against AirSure does not mean that the CPA claim must be dismissed, however.  Plaintiff has alleged misrepresentation, breach of duties, and fraud against AirSure in the conduct of its business.  AirSure argues that even if such unlawful conduct were proven, plaintiff's CPA claim must fail because plaintiff cannot establish the third element, "public

ORDER DENYING DEFENDANT
AIRSURE'S MOTION TO DISMISS   -6-

interest." Washington courts have found that the public interest is affected where defendant's unfair or deceptive acts have the potential for repetition. See Burton v. Ascol, 105 Wn.2d 344, 349-50, 715 P.2d 110 (1986); Anhold v. Daniels, 94 Wn.2d 40, 47 (1980).  Although the facts regarding this element are sparse at this point in the litigation, it appears that AirSure is an insurance broker offering its services to the public at large.  The bare facts available to the Court give rise to an inference that defendant could repeat its alleged conduct or place other potential clients at risk of the type of insurance debacle alleged by plaintiff.  The relationship of the parties appears to be of the sort that implicates the public interest under the CPA:  plaintiff's CPA claim will therefore not be dismissed on the pleadings.

For all of the foregoing reasons, defendant AirSure's motion to dismiss (Dkt. # 16) has been considered in light of the allegations of plaintiff's First Amended Complaint and is hereby DENIED.  The parties' unauthorized motions to strike evidence (Dkt. # 21 and 23) are STRICKEN.  Plaintiff may proceed with its claims of breach of contract, misrepresentation, bad faith, Consumer Protection Act violations, and fraud against defendant AirSure.

Dated this 29th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge