1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
KHAN AIR, LLC,                                          )          No. C05-0420L
                                                              )
                          Plaintiffs,                        )
              v.                                                )
                                                              )          ORDER GRANTING PLAINTIFF'S
UNITED STATES AIRCRAFT INSURANCE       )          MOTION TO DISMISS FRAUD-
GROUP, *et al.*,                                          )          BASED COUNTERCLAIMS AND
                                                              )          DENYING MOTION FOR
                          Defendants.                     )          SUMMARY JUDGMENT
_____)

9

10

11

12

13

14

15        This matter comes before the Court on "Plaintiff's Motion for Summary Judgment

16   Dismissing United States Aircraft Insurance Group's New Claims."  Dkt. # 41.  Plaintiff argues

17   that all three of the counterclaims asserted by USAIG against Khan Air, LLC should be

18   dismissed because (1) USAIG has failed to allege fraud with particularity and (2) there are no

19   genuine issues of fact which preclude summary judgment on the negligent misrepresentation,

20   fraud, and civil conspiracy counterclaims.

21        Despite the title of its motion, plaintiff seeks dismissal of USAIG's fraud-based

22   claims under Fed. R. Civ. P. 12(b)(6) based on an alleged failure to state a claim upon which

23   relief can be granted.  As both parties recognize:

24

25

26   ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS FRAUD-BASED
COUNTERCLAIMS AND DENYING MOTION
FOR SUMMARY JUDGMENT

1
2
3
4
5
6

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong. . . .  Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. . . . A plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false.

7   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks

8   and citations omitted) (emphasis in original).  In order to state a claim of fraud upon which relief

9   can be granted, USAIG must allege with particularity the nine elements of fraud under

10  Washington law, namely (1) a representation of existing fact, (2) materiality, (3) falsity, (4) the

11  speaker's knowledge of its falsity, (5) intent of the speaker that it should be acted upon by the

12  claimant, (6) claimant's ignorance of its falsity, (7) claimant's reliance on the truth of the

13  representation, (8) claimant's right to rely upon it, and (9) damages.  Stiley v. Block, 130 Wn. 2d

14  486, 505 (1996).  USAIG has not done so.  USAIG alleges that Khan Air, in a conspiracy with

15  Western Aircraft, Inc., misrepresented or failed to disclose that the aircraft it insured would be

16  operated in Alaska.  The complaint does not specifically identify any statement of existing fact

17  or the who, what, when, where, and how of such statements.  If the Court assumes that USAIG

18  intends to pursue its fraud claim based on an omission (*i.e.*, the failure to disclose that the

19  aircraft would be operating in Alaska) rather than a statement, the allegations are still

20  insufficient.  Concealment is actionable only where there is a duty to disclose (Amtruck Factors,

21  a Div. of Truck Sales, Inc. v. Int'l Forest Prods., 59 Wn. App. 8, 16 (1990) (citing Haberman v.

22  WPPSS, 109 Wn.2d 107, 166-68 (1988))) and yet USAIG has not alleged any facts suggesting

23  that such a duty exists.  In addition, USAIG has not alleged who it believes had a duty to

24  disclose the operational plan for the aircraft or when, how, and to whom such a disclosure

25
26  ORDER GRANTING PLAINTIFF'S MOTION
TO DISMISS FRAUD-BASED
COUNTERCLAIMS AND DENYING MOTION
FOR SUMMARY JUDGMENT                -2-

1    should have been, but was not, made.[1]  Nor has USAIG adequately pled materiality of the

2    omission, that it (as opposed to AirSure) was unaware that the aircraft would be used in Alaska,

3    or the nature of its damages.  All of these elements must be plead with particularity[2] and

4    USAIG's failure to do so warrants dismissal of the fraud claim with leave to amend.[3]

5                    In the context of this case and in light of the allegations as a whole, the facts

6    establishing the existence of such a conspiracy between Khan Air and Western Aircraft must

7    also be pled with particularity.  The fact that USAIG's "civil conspiracy" claim does not

8    mention the word "fraud" is irrelevant.  In paragraph 5.6 of its counterclaim, USAIG specifically

9    alleges that "Khan Air conspired to commit fraud with Western . . . ." and its conspiracy claim

10   describes an agreement to misrepresent material facts to the injury of USAIG.  Those allegations

11   necessarily describe fraudulent conduct and are also subject to the heightened pleading

12

13       [1]  This is the second dispositive motion brought before the Court in which the parties have failed
14   to take a position regarding the nature of the relationships between Khan Air, Western Aircraft, AirSure
     Limited, and the insurers.  To the extent USAIG has based its fraud claim on Western Aircraft's alleged
15   misstatements or omissions of material fact to AirSure, it is incumbent upon USAIG to establish the type
     of agency relationships that would justify holding Khan liable for the statements of Western Aircraft and
16   would allow USAIG to seek recovery for statements made to AirSure.  The parties are advised that they
     must address these agency issues directly in the future or risk denial of their motions on the ground that
17   liability for particular conduct cannot be established on the record presented.

18       [2]  USAIG's contention that its allegations of fraud mirror those put forth by plaintiff is irrelevant.
19   Plaintiff asserted a negligent misrepresentation claim which, under Washington law, does not sound in
     fraud and is therefore not subject to the pleading requirements of Rule 9(b).
20
         [3]  Where the claimant has requested leave to amend in the event the Court is inclined to dismiss
21   for failure to satisfy the pleading requirements of Rule 9(b), "the failure to grant leave to amend is an
22   abuse of discretion unless the [claimant] has acted in bad faith or the amendment would be futile."
     Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2nd Cir. 2001).  As discussed below, it is too early to tell
23   whether USAIG's fraud claim will fail on its merits as a matter of law.  Based on the existing record, the
     Court cannot yet determine whether an amendment of the fraud claim would be futile and there is no
24   indication that USAIG acted in bad faith.  Thus, leave to amend is appropriate.

25   ORDER GRANTING PLAINTIFF'S MOTION
26   TO DISMISS FRAUD-BASED
     COUNTERCLAIMS AND DENYING MOTION
     FOR SUMMARY JUDGMENT                        -3-

1    requirements of Rule 9(b).  See Vess, 317 F.3d at 1108.  USAIG has not, however, identified

2    with particularity the who, what, when, why, and how of the supposed agreement to defraud

3    USAIG.  The civil conspiracy claim cannot stand as currently alleged.

4              To the extent plaintiff seeks summary judgment on the merits of USAIG's fraud,

5    negligent misrepresentation, and civil conspiracy claims, the motion is premature.  Discovery is

6    just beginning in this case and new evidence is coming to light regarding the relationships

7    between the parties and their conduct with regards to the coverage provided for Khan Air's

8    aircraft.  Although not in the form of an affidavit, USAIG has identified specific issues on which

9    additional discovery is warranted before it should be required to respond to plaintiff's summary

10   judgment motions.  Plaintiff's motion for summary judgment is, therefore, denied under Rule

11   56(f).[4]

12

13             For all of the foregoing reasons, plaintiff's motion to dismiss USAIG's fraud-

14   based claims for failure to comply with the pleading requirements of Fed. R. Civ. P. 9(b) is

15   GRANTED.  USAIG's counterclaims for fraud and civil conspiracy are hereby DISMISSED

16   with leave to file an amended answer and counterclaims within fifteen days of the date of this

17   Order.  Khan Air shall respond to USAIG's amended counterclaims as provided in Fed. R. Civ.

18   P. 15(a).  Plaintiff's motion for summary judgment on USAIG's counterclaims for negligent

19   misrepresentation, fraud, and civil conspiracy is DENIED as premature without prejudice to

20   these issues being raised again.

21

22

23

24

    [4]  The Court need not resolve the evidentiary objections raised by USAIG.

25

    ORDER GRANTING PLAINTIFF'S MOTION
26  TO DISMISS FRAUD-BASED
    COUNTERCLAIMS AND DENYING MOTION
    FOR SUMMARY JUDGMENT            -4-

1          Dated this 24th day of October, 2005.

2

3

Robert S. Lasnik
4                                                    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER GRANTING PLAINTIFF'S MOTION
26   TO DISMISS FRAUD-BASED
COUNTERCLAIMS AND DENYING MOTION
FOR SUMMARY JUDGMENT                -5-