The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KHAN AIR, LLC, a Washington corporation,<br><br>                    Plaintiff,<br><br>   v.<br><br>UNITED STATES AIRCRAFT INSURANCE GROUP, a pool of foreign insurance companies, including ACE AMERICAN INSURANCE COMPANY, a foreign insurance company; GENERAL REINSURANCE CORPORATION, a foreign insurance company; HARTFORD FIRE INSURANCE COMPANY, a foreign insurance company; LIBERTY MUTUAL INSURANCE COMPANY, a foreign insurance company; WESCO FINANCIAL INSURANCE COMPANY, a foreign insurance company; UNITED STATES AVIATION UNDERWRITERS, INC., a foreign insurance company; and AIRSURE LIMITED OF COLORADO, INC., a Colorado corporation,<br><br>                    Defendants. | No. CV05-0420 RSL<br><br>**ORDER GRANTING IN PART THIRD-PARTY DEFENDANT WESTERN AIRCRAFT, INC.'S MOTION FOR A PROTECTIVE ORDER**<br><br>**AND**<br><br>**PROTECTIVE ORDER** |

PROTECTIVE ORDER (CV05-0420 RSL) - 1

This matter comes before the Court on "Third-Party Defendant Western Aircraft, Inc.'s Motion for Protective Order." Dkt. # 101. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Pursuant to Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Plaintiff's counsel rightly points out that stipulated confidentiality agreements are overused and often unnecessarily restrict the public's ability to review documents that are important to an understanding of the case in general, the positions of the parties with respect to each motion, and the Court's rulings. Nevertheless, the privacy interests of non-party insureds and Western's interest in protecting information that would give its competitors an unfair advantage if disclosed must be considered when determining whether a protective order is warranted. The following protective order is entered to allow plaintiff access to, and free use of, defendants' documents for purposes of this litigation while protecting certain sensitive information from wholesale disclosure.

To the extent the parties exchange documents designated as "confidential" during the course of this action, they must maintain its confidentiality and not distribute or otherwise communicate such information to any person outside of this lawsuit, except as permitted herein and to the extent that such information is not made public by the producing party after the date of this protective order.

It is hereby ORDERED:

1. When used in this Protective Order, the word "documents" means all documents or other materials produced in response to discovery requests.

2. Such documents may contain information of a confidential, proprietary, and/or commercially sensitive nature, and the unauthorized release of such documents may cause harm to the producing party or non-party consumers.

3. Except with the prior written consent of the producing party, the attorneys and parties herein shall use any document designated by any party as "Confidential" only for purposes of this action. Confidential documents may be disclosed in their unredacted form only to:

   a. The Court and any persons employed by the Court whose duties require access to any materials filed in connection with this action;

      b.    Legal counsel for any party in this action, their legal associates, paralegals, clerical and other support staff assisting in the representation of the party to this action;

      c.    Parties;

      d.    Actual witnesses and potential witnesses in this action, and their counsel, to the extent reasonably deemed necessary by counsel for the witness's preparation for testimony;

      e.    Outside consultants and experts (and their employees) retained for the purpose of assisting in the prosecution and/or defense of this action;

      f.    Court reporters; and

      g.    Employees of copying and/or microfilming services utilized with respect to this action for the prosecution or defense thereof.

Confidential documents that are filed with the Court in connection with motions, pleadings, letters, or other papers submitted by the parties <u>shall not be filed under seal</u> but shall be redacted to remove the names and addresses of lending institutions and non-party insureds or potential insureds unless that information is necessary for the Court's determination of the issue at hand.

    4.    Prior to disclosure of any confidential documents, any person included under subsections (d), (e) and (f) shall agree in writing to comply with this Order by executing a Certificate of Knowledge of and Compliance with Protective Order indicating that he or she has received and reviewed this

Order and agrees to be bound by its terms.  The Certificate shall be in the form attached as Exhibit A.

  5. The confidential documents shall not be made available to any independent expert witness, consultant, potential lay witness, or deponent unless, prior to disclosure, the person is first asked to agree to be bound by the terms of this protective order as set forth above.  If such person refuses to be bound by the terms of this protective order, no confidential documents may be shown to that person outside the context of a sworn deposition or without prior authorization from the Court.  Persons who refuse to agree to the terms of this protective order on the record may be shown confidential documents during the course of a deposition, but will not be allowed to keep a copy of the confidential documents or the transcript of the deposition if the transcript recites, references, or describes the contents of the confidential documents.

  6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential documents of any party, the party may designate portions of said deposition as containing confidential information.  Any such designation, and the material so designated, shall be made subject to the provisions of this protective order.  Any such designation must be made on the record and the right to make such designation shall be waived unless made during the deposition.

  7. Any party may challenge the designation of documents and deposition testimony as confidential by giving written notice that such party

PROTECTIVE ORDER (CV05-0420 RSL) - 5

intends to seek permission of the Court to allow disclosure of such information. Notice must be made to the party who produced the document not less than seven (7) business days prior to filing any motion. If, within five (5) business days after receipt of the notice, the party who submitted the data or information makes a written objection to the party giving the notice, the material shall not be disclosed except as provided in this protective order unless authorized by the Court. In connection with any motion regarding the designation of a document or deposition testimony as confidential, the burden of establishing confidentiality shall remain with the party producing the document and claiming confidentiality. If timely written objection is not made, the party who submitted the information shall be deemed to have waived any objection to the disclosure of the designated information and such disclosure may proceed without further order of the Court.

8. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within five (5) days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

9. Except as otherwise agreed in writing, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, the obligations imposed by this Protective Order shall remain in effect. All copies of confidential documents shall be promptly

returned to the producing party upon request or destroyed by agreement of the parties.

10. Any person receiving confidential information under this protective order who is served with a subpoena for any such information shall give counsel for the parties in this action at least five (5) days' notice (or reasonable notice if the time for compliance with the subpoena is less than five (5) days before producing any such material).

11. Each person or entity to whom confidential information is disclosed in accordance with provisions of this Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the enforcement of this protective order.

12. The terms of this Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation, and the Court shall continue to retain jurisdiction to enforce the terms of this Stipulation and Order.

Dated this 25th day of October, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

EXHIBIT A

Certification of Knowledge of and Compliance with Protective Order

I certify my understanding that confidential discovery materials and the information contained therein will be provided to me pursuant to the terms and restrictions of the protective order issued in the action titled <u>Khan Air, LLC v. United States Aircraft Insurance Group</u>, *et al*., No. C05-0420L, and that I have been given a copy of and have read the protective order and agree to be bound by it.  I understand that such confidential discovery materials, any copies, any notes or other memoranda, or any other forms of information regarding or derived from those materials, including the contents of those documents, shall not be disclosed to any person except as permitted under the protective order, shall be used only for the purposes of said litigation, and shall be returned.  I understand that I may not use or disclose any information designated confidential subject to the protective order for any reason outside of the above-referenced lawsuit.

DATED: _____

_____
(Signature)

_____
(Print Name)

PROTECTIVE ORDER (CV05-0420 RSL) - 8