1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
KHAN AIR, LLC,                            )    No. C05-0420L
                                          )
                    Plaintiffs,           )
        v.                                )
                                          )    ORDER GRANTING IN PART
UNITED STATES AIRCRAFT INSURANCE          )    PLAINTIFF'S MOTION TO COMPEL
GROUP, *et al.*,                          )
                                          )
                    Defendants.           )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Production from Defendants USAU and USAIG." Dkt. # 90. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The conference requirements of Fed. R. Civ. P. 37(a)(2)(A) and Local Civil Rule 37(a)(2)(A) are imposed for the benefit of both the Court and the parties and are intended to ensure that only genuine disagreements are brought before the Court. In the months preceding the filing of this motion, the parties were in regular contact regarding most of the discovery requests at issue.[1] When he did not receive any supplemental responses or documents

---

[1] There is some dispute regarding the extent to which counsel actually discussed defendants' responses to Interrogatory No. 2. In the future, each and every discovery request must be discussed by the parties before they can be made the subject of a motion to compel or for protective order.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL

following the telephone conference on September 1, 2005, plaintiff's counsel reasonably concluded that, despite recent promises of cooperation, the parties had reached an impasse that could be resolved in a timely manner only with the Court's assistance.  The fact that plaintiff declined to engage in additional Rule 37 conferences after filing its motion does not constitute a failure to meet and confer under the rules.

(2) On September 26, 2005, the same day it filed its opposition to plaintiff's motion to compel, defendant USAU supplemented its response to Interrogatory No. 2.  Plaintiff has not challenged the adequacy of the supplemental response.

(3) Defendant USAIG also provided supplemental responses on September 26, 2005.  Plaintiff appears to be satisfied with USAIG's revised responses to Interrogatories No. 4, 6, and 7 as well as Requests for Production No. 8, 12, and 17.

(4) Interrogatory No. 2 seeks the identity of every person "who has been identified as an insured in a certificate of insurance issued by USAIG but who was not actually an insured under a USAIG policy."  USAIG's initial response consisted of nothing but objections and was clearly insufficient in light of USAIG's familiarity with this case and the fact pattern which prompted plaintiff's inquiry.  In its supplemental response, USAIG attempts to explain the basis for its contention that Khan Air was not an insured under the policy by drawing a distinction between those who are "covered" pursuant to provisions like D.1.c.(2) and those who are "insured."  As plaintiff notes, neither this distinction nor USAIG's answer is entirely satisfactory, but the policy interpretation issues raised by defendant would be better probed through a deposition rather than by compelling additional written responses.

Plaintiff is, however, entitled to information that would enable it to determine whether USAIG has a policy or practice of notifying persons that they are "at this date insured" (or other words similar to those used on the Certificate of Insurance issued in this case) when USAIG has taken or would take, if asked, the position that the person is not, in fact, an insured.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL                                  -2-

If USAIG is willing to admit in response to Interrogatory No. 2 that it has such a policy or practice, is able to identify the number of policies (compared with the total number of policies) in which the purported distinction between "covered" and "insured" comes into play, or can otherwise provide information from which plaintiff can determine whether others have been led to believe they are "insured" when USAIG has taken or would take the position that they are not, such a response should satisfy plaintiff's Consumer Protection Act ("CPA") needs without requiring a file-by-file analysis.  Because the issue under the CPA is whether defendant's conduct is likely to reoccur, USAIG's response can be based on its actions during the last five years.  If, following its review of USAIG's response and the deposition testimony of its Rule 30(b)(6) witness, plaintiff believes that additional disclosures are necessary, it may raise this issue again through a second motion to compel at any time up until the close of discovery.

(5) Interrogatory No. 5 asks whether USAIG had ever "given Airsure pre-signed, blank or partially blank certificates of insurance for use by Airsure in its business?  If so, identify each insured and set forth the details as to whether such certificates were used, with whom and what disclosure was made to the insureds in each instance."  USAIG's initial response consisted of nothing but objections and was clearly insufficient in light of USAIG's familiarity with this case and the fact pattern which prompted plaintiff's inquiry.  In its supplemental response, USAIG provides some information regarding the policy at issue in this case, but does not address whether it has given certificates of insurance to AirSure for use with other insureds/policies, whether those certificates were pre-signed, blank, or partially blank, or what disclosures regarding these practices are made to the insureds.  USAIG shall supplement its response to provide this information for the past five years.

Assuming USAIG makes a good faith effort to provide meaningful information regarding AirSure's use of form certificates of insurance, USAIG will not be required to identify each insured who received a certificate that had been provided to AirSure as a pre-signed, blank,

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL                    -3-

or partially blank form. When faced with a discovery request that calls for the disclosure of non-public third-party information, the Court will weigh plaintiff's need for the information against the privacy interests of the non-parties. Although the practice of using pro-forma certificates of insurance is relevant to plaintiff's CPA claim, plaintiff has not identified any need to put defendant to the task of compiling a list of other customers who may have received pro-forma certificates. Where plaintiff has not explained the probative value of the requested information, the non-parties' interest in keeping their financial/insurance records confidential and defendant's claim of undue burden will prevail.

(6) Request for Production No. 1 seeks copies of "all certificates of insurance issued by USAIG where Airsure was a broker, for the years 2003, 2004 and 2005." USAIG argues that it cannot produce this information because of confidentiality requirements imposed by federal and state law. No such requirements are identified. Section 6801(a) of Title 15 merely imposes upon the various state insurance authorities an obligation to establish appropriate standards for protecting the security and confidentiality of the insured's information. Defendant has not identified any state insurance regulation which prohibits the disclosure of policy information in the context of court proceedings. Plaintiff seeks copies of USAIG certificates of insurance issued by AirSure over the past three years as a means of determining the nature and scope of the relationship between AirSure and USAIG, the mechanism through which certificates are signed, and the existence of a pattern or practice. The production of these certificates of insurance subject to the terms of the protective order entered by the Court should satisfy plaintiff's needs while limiting the disclosure of confidential customer information.

(7) Pursuant to Fed. R. Civ. P. 37(a)(4)(A), if a motion to compel "is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL                    -4-

motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Each and every one of defendants' initial discovery responses were inadequate. Although defendants eventually supplemented all but one of their responses, the supplemental disclosures were made after plaintiff had filed this motion to compel. Plaintiff requested an award of fees in its motion and defendant has had an opportunity to respond to that request and to explain why its pre-filing objections were substantially justified. Having reviewed the arguments of counsel and the voluminous exchange of e-mails and correspondence related to each parties' position, the Court finds that plaintiff is entitled to an award of its reasonable expenses in making this motion.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part. Defendant USAIG shall supplement its discovery responses as directed above within fifteen days of the date of this Order and shall cooperate in scheduling a Rule 30(b)(6) deposition to respond to questions regarding Interrogatory No. 2.[2] Plaintiff's specific request for an order compelling the deposition of Leslie Davis, defendants' General Counsel, as a sanction for defendants' discovery violations is DENIED. Plaintiff shall, within five days of the date of this Order, file an affidavit setting forth the reasonable expenses incurred in making this motion, including attorney's fees but excluding time spent attempting to resolve this dispute prior to filing the motion.

---

[2] This deposition will not affect plaintiff's ability to take a more general Rule 30(b)(6) deposition later in the case or count against the deposition limit imposed by Rule 30(a)(2)(A).

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL                    -5-

1    Dated this 25th day of October, 2005.

3    /s/ Robert S. Lasnik
4    Robert S. Lasnik
     United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL                    -6-