UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
KHAN AIR, LLC,                                    )          No. C05-0420L
                                                           )
                    Plaintiffs,            )
        v.                                             )
                                                           )          ORDER DENYING THIRD-PARTY
UNITED STATES AIRCRAFT INSURANCE  )          DEFENDANT WESTERN AIRCRAFT,
GROUP, *et al.*,                                )          INC.'S, MOTION TO DISMISS
                                                           )
                    Defendants.       )
_____)

This matter comes before the Court on "Third-Party Defendant Western Aircraft, Inc.'s, Motion to Dismiss the Third-Party Complaint of Airsure Limited of Colorado, Inc." Dkt. # 98. Western argues that the facts alleged in AirSure's amended third-party complaint (Dkt. # 45 at pp. 14-19) do not support its contribution/indemnity, negligent misrepresentation, bad faith, or civil conspiracy claims and therefore seeks dismissal of all of AirSure's claims against Western.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, AirSure submitted three declarations and accompanying exhibits in response to Western's motion to dismiss. Although the Court may consider documents referenced extensively in the complaint, documents that form the basis of

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S  MOTION TO DISMISS

plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted (United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003)), only the Aircraft Management Agreement submitted as Exhibit B to the Declaration of Karin Dodd appears to fall within one or more of these categories.  For purposes of this motion, therefore, the allegations of the amended third-party complaint and the contents of the Aircraft Management Agreement are accepted as true and construed in the light most favorable to Airsure.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Only those claims for which it appears beyond doubt that AirSure can prove no set of facts which would entitle it to relief should be dismissed.  Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

**I. CONTRIBUTION**

Western argues that AirSure will be unable to prevail on its contribution claim because Western and AirSure are not jointly and severally liable for the losses alleged by plaintiff Khan Air, LLC.  Relying on an underinsured motorist case, Western asserts that a third-party defendant such as itself can never be jointly and severally liable for plaintiff's injuries because plaintiff has chosen not to sue the third-party defendant.  See Mailloux v. State Farm Mut. Auto. Ins. Co., 76 Wn. App. 507, 513 (1995) ("A person is not liable to the plaintiff at all, much less jointly and severally, if he or she has not been named by the plaintiff.").  The validity of the Mailloux analysis outside the underinsured motorist context is unclear.  While it is true that the right to contribution arises only where the parties are jointly and severally liable (see Kottler v. State, 136 Wn.2d 437, 442 (1998) ("Contribution is conditioned on the existence of joint and several liability because absent such common joint and several liability one party will have no duty to pay another's liability for damages and, thus, no cause for subsequent reimbursement."), the controlling statute provides for joint and several liability between

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S  MOTION TO DISMISS   -2-

defendants and third-party defendants if plaintiff was not at fault (RCW 4.22.070). Focusing solely on the allegations of AirSure's amended third-party complaint (as opposed to AirSure's answer and/or counterclaims), AirSure has not alleged that Khan Air should be ascribed a share of the fault in this matter. The ultimate allocation of fault between and among the parties may warrant a finding of joint and several liability under RCW 4.22.070. AirSure may, therefore, be entitled to relief under its contribution claim and dismissal under Rule 12(b)(6) is not warranted.

## II.  INDEMNIFICATION

AirSure has alleged "contribution/indemnity" as a single cause of action by which it seeks to recover any payments it is compelled to make to Khan Air as well as any attorney's fees and other litigation expenses incurred in defending itself in this action. Western argues that the indemnity claim fails because there is no legal duty or relationship between Western and AirSure that would trigger indemnification and because attorney's fees are not recoverable absent a contract, statute, or equitable obligation to pay such fees.

"Where a legal duty exists between non-joint tortfeasors, an indemnity right exists at common law. This right is not affected by the Tort Reform Act." Sabey v. Howard Johnson & Co., 101 Wn. App. 575, 592 (2000). For purposes of this motion, the Court assumes that AirSure's contention that it was involved in the subject transaction as Western's broker is true. In such circumstances, Western, as the principal, owed a duty to instruct, a duty to advise, and a duty of good faith, each of which, if breached, may give rise to an action in tort to recover all foreseeable damages arising from the breach. In addition, to the extent that Washington has adopted Restatement (Second) Agency § 439(c), the law would impose on Western a duty to indemnify AirSure for damages it is compelled to make to third persons, such as Khan Air, "on account of the authorized performance of an act which constitutes a tort or a breach of contract." If, at trial, it is determined that Western and AirSure are not joint tortfeasors and that Western breached one of the duties it owed its agent, AirSure may be entitled to indemnification.

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S  MOTION TO DISMISS   -3-

AirSure's assertion of an equitable right to attorney's fees survives Western's motion to dismiss. "It is . . . a well settled rule in this state that where 'the natural and proximate consequences' of a wrongful act by one person involve another in litigation with third persons, the wronged party may recover reasonable expenses of the litigation, including attorney's fees." N. Pac. Plywood, Inc. v. Access Rd. Builders, Inc., 29 Wn. App. 228, 236 (1981). See also Thomas v. Gaertner, 56 Wn. App. 635, 638 (1990). AirSure has alleged that Western misrepresented facts regarding the plane for which insurance was sought, thereby exposing AirSure to a lawsuit with Khan Air when the true facts were discovered and the insurance policy was cancelled. Based on the allegations of AirSure's amended third-party complaint (as opposed to its answer or counterclaims), it was Western who misrepresented and failed to disclose relevant facts: Khan Air is not alleged to have been involved in or connected with the acts or omissions which have embroiled AirSure in this litigation. Whether discovery will support AirSure's claim for equitable indemnity cannot be determined by the Court on this motion to dismiss.

### III. NEGLIGENT MISREPRESENTATION

Western argues that AirSure's negligent misrepresentation claim should be dismissed because it is simply a contribution/indemnity claim "in disguise." Except where plaintiff has voluntarily extinguished causes of action through settlement, plaintiff is permitted to plead causes of action in the alternative. See Fed. R. Civ. P. 8(a).[1] AirSure has alleged that Western misrepresented or failed to disclose relevant facts regarding the nature of the risk, that AirSure relied upon the false and misleading information provided by Western, and that it was damaged thereby. If AirSure is able to support these allegations at trial, it may be entitled to relief under its misrepresentation claim.

---

[1] Western's motion to dismiss AirSure's civil conspiracy and bad faith claims because they are contribution/indemnity claims "in disguise" is denied on the same grounds.

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S MOTION TO DISMISS   -4-

## IV. BAD FAITH

AirSure has alleged that Western knew or should have known that Khan Air intended to use its aircraft in Alaska and that such use was relevant to potential insurers. Nevertheless, Western failed to disclose this information and misled AirSure, its agent, regarding the nature of the risk to be insured for the purpose of obtaining coverage which would otherwise have been unavailable or prohibitively expensive. AirSure argues that Western breached its duty of good faith and fair dealing by "misrepresenting and failing to disclose the anticipated usage of the aircraft . . . ." Amended Third-Party Complaint at ¶ 28 (Dkt. # 45).

Western seeks dismissal of AirSure's bad faith claim on the ground that AirSure has not alleged the existence of a contract between the parties and "there is no 'free-floating' duty of good faith and fair dealing that is unattached to an existing contract." Motion at 12 (quoting Keystone Land & Dev. Co. v. Xerox Corp., 152 Wn.2d 171, 177 (2004). In the cases cited by Western, the relationship between the parties centered on a contract which was the only possible source of an alleged duty of good faith. Under Washington law, however, a duty of good faith may also arise from a statute or the common law. Griffin v. Allstate Ins. Co., 108 Wn. App. 133, 143 (2001). RCW 48.01.030 requires that all parties involved in the business of insurance, including insureds, insurers, and their representatives, "be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters." The failure to act in good faith "gives rise to a remedy sounding in tort, independent of the insurance contract." Griffin, 108 Wn. App. at 143. Western has not, therefore, shown that AirSure's bad faith claim fails as a matter of law.

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S  MOTION TO DISMISS   -5-

For all of the foregoing reasons, Western's motion to dismiss AirSure's amended third-party complaint is DENIED.

Dated this 19th day of December, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING THIRD-PARTY DEFENDANT
WESTERN AIRCRAFT'S MOTION TO DISMISS    -6-