

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHAN AIR, LLC,

Plaintiffs,

v.

UNITED STATES AIRCRAFT INSURANCE GROUP, *et al.*,

Defendants.

No. C05-0420L

ORDER DENYING IN PART THIRD-PARTY DEFENDANT WESTERN AIRCRAFT, INC.'S, SECOND MOTION TO DISMISS

This matter comes before the Court on "Western Aircraft, Inc.'s, Motion to Dismiss Third-Party Complaint of United States Aircraft Insurance Group and United States Aviation Underwriters, Inc." Dkt. # 110. Western argues that the facts alleged in the third-party complaint (Dkt. # 46 at pp. 7-12) do not support the indemnification, breach of contract, negligent misrepresentation, fraud, civil conspiracy, or declaratory judgment claims asserted by United States Aircraft Insurance Group and United States Aviation Underwriters, Inc. (collectively "USAIG"). Western seeks dismissal of all of USAIG's claims against Western.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). When determining whether the allegations contained in the third-

party complaint state a claim upon which relief can be granted, the allegations are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief should be dismissed. Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

## I. INDEMNIFICATION

USAIG has alleged that Western had a duty to disclose the nature of the risk it sought to insure, that it intentionally and wrongfully misled USAIG regarding the operations of the subject aircraft, that the aircraft was added to the policy based on Western's misrepresentations, and that these actions exposed USAIG to potential liability and caused it to incur attorney's fees and costs in defending this action. Western argues that USAIG's indemnity claim fails because there is no legal duty or relationship between Western and USAIG that would trigger indemnification and because attorney's fees are not recoverable absent a contract, statute, or equitable obligation to pay such fees.

"Where a legal duty exists between non-joint tortfeasors, an indemnity right exists at common law. This right is not affected by the Tort Reform Act." Sabey v. Howard Johnson & Co., 101 Wn. App. 575, 592 (2000).[1] Under Washington law, a duty of good faith may arise not only from a contract, but also from a statute or the common law. Griffin v. Allstate Ins. Co., 108 Wn. App. 133, 143 (2001). RCW 48.01.030 requires that all parties involved in the business of insurance, including insureds, "be actuated by good faith, abstain from deception,

[1] USAIG argues that Idaho law governs this issue because the contracts between Khan Air and Western indicate a preference for Idaho law. Most of Khan Air's claims sound in tort, however, and USAIG has not shown that Idaho law should govern a claim for common law indemnity arising from tortious conduct and injury suffered in Washington.

and practice honesty and equity in all insurance matters." The failure to act in good faith "gives rise to a remedy sounding in tort . . . ." Griffin, 108 Wn. App. at 143. In the circumstances alleged by USAIG, Western, as the insured, owed a duty of good faith which, if breached, may give rise to an action in tort to recover all foreseeable damages arising from the breach. If, at trial, it is determined that Western and USAIG are not joint tortfeasors and that Western breached a duty it owed the insurer, USAIG may be entitled to indemnification.

USAIG's assertion of an equitable right to attorney's fees cannot survive Western's motion to dismiss, however. "It is . . . a well settled rule in this state that where 'the natural and proximate consequences' of a wrongful act by one person involve another in litigation with third persons, the wronged party may recover reasonable expenses of the litigation, including attorney's fees." N. Pac. Plywood, Inc. v. Access Rd. Builders, Inc., 29 Wn. App. 228, 236 (1981). See also Thomas v. Gaertner, 56 Wn. App. 635, 638 (1990).[2] That equitable rule does not apply, however, if the third person who initiated suit was connected with the initial wrongful act. Tradewell Group, Inc. v. Mavis, 71 Wn. App. 120, 126 (1993). USAIG has alleged that Khan Air and Western, working together in an attempt to obtain coverage that was otherwise unavailable, misrepresented facts regarding the plane for which insurance was sought. Third-Party Complaint at ¶ 3.1 (Dkt. # 46). Neither the Court nor USAIG is at liberty to ignore the allegations of the third-party complaint when determining whether a viable cause of action has been asserted. USAIG's allegation that Khan Air was involved in the initial wrongful act is fatal to its equitable claim for indemnification of attorney's fees and costs.

---

[2] USAIG relies on Washington law regarding the recovery of attorney's fees. The Court therefore assumes that there is no conflict between the laws of Idaho and the laws of Washington on this point.

## II. BREACH OF CONTRACT, NEGLIGENT MISREPRESENTATION, CIVIL CONSPIRACY

Western argues that USAIG's breach of contract, negligent misrepresentation,[3] and civil conspiracy claims should be dismissed because they are simply indemnity claims "in disguise." Except where plaintiff has voluntarily extinguished causes of action through settlement, plaintiff is permitted to plead causes of action in the alternative. See Fed. R. Civ. P. 8(a). Western does not challenge the legal sufficiency of USAIG's allegations related to these claims on any other ground.

## III. FRAUD

Western seeks dismissal of USAIG's fraud claim because it does not meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). "In this circuit, a pleading satisfies the particularity requirement [of Rule 9(b)] if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer form the allegations." Deutsch v. Flannery, 823 F.2d. 1361, 1365 (9th Cir. 1987) (internal quotation marks omitted). A party asserting fraud must set forth both the "neutral facts" necessary to identify the transaction as well as what is false or misleading about the statement. Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). USAIG has alleged that Western intentionally misrepresented the planned utilization of the subject aircraft when it sought to add the plane to its policy. The time, place, and content of the alleged misrepresentation are adequately stated, as is the falsity of the statement. Western has ample "notice of the particular misconduct which is alleged to constitute the fraud charged so that [it] can defend itself against the charge and not just deny that [it has] done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). The requirements of Rule 9(b) are satisfied and Western has not challenged USAIG's fraud claim on any other ground.

---

[3] Western's alternative argument that the negligent misrepresentation claim fails as a matter of Idaho law was first raised in reply and has not been considered by the Court.

## IV. DECLARATORY JUDGMENT

Western's motion to dismiss USAIG's claim for declaratory relief is premised on the dismissal of all of USAIG's other claims. Having determined that most of USAIG's claims survive the motion to dismiss, dismissal of the declaratory action is unwarranted.

For all of the foregoing reasons, Western's motion to dismiss USAIG's third-party complaint is DENIED in part and GRANTED in part. USAIG's claim for indemnification of attorney's fees and costs incurred in defending this action is DISMISSED. All other claims may proceed to trial.

Dated this 19th day of December, 2005.

Robert S. Lasnik
United States District Judge